IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| CENTER FOR INDIVIDUAL RIGHTS )<br>    1233 20th Street, N.W. )<br>    Suite 300 )<br>    Washington, D.C.  20036 )<br>    )<br>                Plaintiffs, )<br>    )<br>            v. )<br>    )<br>UNITED STATES DEPARTMENT )<br>    OF JUSTICE )<br>    950 Pennsylvania Avenue, N.W. )<br>    Washington, D.C.  20530-0001 )<br>    )<br>                Defendant. )<br>    )<br>_____ ) | COMPLAINT<br><br>Civ. No.: |

COMPLAINT


1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552, et seq., ("FOIA"), seeking disclosure of agency records.

2.      This action arises under federal statute, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.  Venue is proper in this Court over all defendants pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

3.      This court has subject matter jurisdiction of this complaint under 28 U.S.C. § 1331, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 702.

PARTIES

4.      Plaintiff Center For Individual Rights is a 501(c)(3) corporation located

entirely within the District of Columbia.

5.     Defendant United States Department of Justice ("DOJ") is an executive department of the federal government of the United States, headquartered in Washington, D.C..

BACKGROUND

6.     On July 6, 2006, Plaintiff sent a FOIA request to the DOJ seeking the following documents:  "Drafts of any memorandum of law filed in United States v. District of Columbia, et al., District of the District of Columbia Civ. No. 04-00619 (JR) that were shown to any representative or attorney for Father Flanagan's Boys Home ("Boys Home") and/or attorneys for plaintiff in Father Flanagan's Boys Home v. District of Columbia, et al., D.D.C. No. 01-1732 (JR) (the "Boys Home Litigation")"; and "Any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home Litigation concerning either of the litigations identified in the previous paragraph."  See Exhibit A (July 6, 2006 letter from Michael Rosman, Center For Individual Rights, to Nelson Hermilla, Chief, FOIA/PA Branch, Civil Rights Division, Department of Justice).

7.     On July 31, 2006, Nelson D. Hermilla, Chief of the Freedom of Information/Privacy Acts Branch, Civil Rights Division, responded to Plaintiff's request, indicating that there were no such documents pertaining to item 1 and denying Plaintiff's request under item 2.  Hermilla stated his basis for denial was that "disclosure thereof would interfere with ongoing law enforcement proceedings" under 5 U.S.C. § 552(b)(7)(A).  See Exhibit B (July 31, 2006 Letter from Mr. Hermilla to Mr. Rosman).

8.     On August 21, 2006, Plaintiff appealed the DOJ's decision.  See Exhibit C (letter from Mr. Rosman to Director of Office of Information and Privacy); Exhibit D

(letter from Priscilla Jones, Office of Information and Privacy, Department of Justice, to Mr. Rosman).

9.     To date, the DOJ has not responded to Plaintiff's appeal and has not produced the requested records.

CLAIM FOR RELIEF

VIOLATION OF FREEDOM OF INFORMATION ACT

10.     Plaintiff realleges and incorporates by reference paragraphs 1 through 9.

11.     Plaintiff is entitled to obtain copies of the requested records.  The records sought by Plaintiff are easily-identifiable and readily-obtainable agency records in the DOJ's possession that do not fall within any exemption to the Freedom of Information Act.

12.     The DOJ has failed to comply with the applicable time limits under the Freedom of Information Act.  More than nine months have passed since the date of Plaintiff's appeal, but to date, no decision has been issued.  Consequently, the time for the agency to rule on the appeal has lapsed, since an agency must "make a determination with respect to any appeal within twenty days" following receipt.  5 U.S.C. § 552(a)(6)(A)(ii).

13.     The Plaintiff's claim is ripe for judicial determination.  The DOJ's failure to issue a timely decision on Plaintiff's appeal has resulted in the exhaustion of any administrative remedies Plaintiff might have been required to pursue under FOIA as a precondition to bringing a FOIA lawsuit, since a requestor of records "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions . . . ."  5 U.S.C. § 552(a)(6)(C)(i).

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for the Plaintiff and award the following relief:

(a)     an order enjoining the DOJ from withholding the records requested in Exhibit A and ordering the production of those documents to the Plaintiff;

(b)     an award of attorneys' fees and costs of this suit; and

(c)     any other such relief as this Court may deem just and proper.

Respectfully submitted,

 /s/ Michael E. Rosman_____
Michael E. Rosman
D.C. Bar No. 454002
Michelle A. Scott
D.C. Bar No. 489097
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202) 833-8400

Attorneys for Plaintiff,
Center For Individual Rights

4

# EXHIBIT A

# CENTER FOR INDIVIDUAL RIGHTS

1233 TWENTIETH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20036

---

(202) 833-8400
FAX: (202) 833-8410
CIR@CIR-USA.ORG
http://www.cir-usa.org

WRITER'S EXTENSION:

104

July 6, 2006

**By Facsimile And Mail**

Nelson Hermilla, Chief
Department of Justice
FOIA/PA Branch, Civil Rights Division
Room 311
950 Pennsylvania Ave., NW
Washington, DC 20530

> Re:  <u>Freedom of Information Request</u>

Dear Mr. Hermilla:

I am writing to request access to and copies of the following records, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et. seq.* and the regulations thereunder.

1.  Drafts of any memorandum of law filed in *United States v. District of Columbia, et al.*, District of the District of Columbia Civ. No. 04-00619 (JR) that were shown to any representative or attorney for Father Flanagan's Boys Home ("Boys Home") and/or attorneys for plaintiff in *Father Flanagan's Boys Home v. District of Columbia, et al.*, D.D.C. No. 01-1732 (JR) (the "Boys Home Litigation").

2.  Any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home Litigation concerning either of the litigations identified in the previous paragraph.

Please call me if you have any questions or comments. As provided by FOIA, I look forward to hearing from you within twenty (20) days.

Very truly yours,

Michael E. Rosman

EXHIBIT B

**U.S. Department of Justice**

Civil Rights Division

---

*Freedom of Information/Privacy Acts Branch - NALC*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

NDH:TCG:AAC
2006-0424 (4-338)                                           JUL 31 2006
DJ# 175-17-102

Mr. Michael E. Rosman
Center For Individual Rights
1233 Twentieth Street, N.W.
Washington, D.C. 20036

Dear Mr. Rosman:

This is in response to your July 6, 2006 Freedom of Information Act request for records pertaining to Father Flanagan's Boy's Home.

The Freedom of Information Act Branch has consulted with the Housing Civil Enforcement Section of the Civil Rights Division and has been advised that there are no drafts of memoranda of law filed in this case pertaining to Item 1. of your request.

Item 2. Information you requested such as correspondence between U. S. Department of Justice and Father Flanagan's Boy's Home, pertains to an open Civil Rights Division investigation. I have determined that access to the responsive records should be denied pursuant to 5 U.S.C. §552 (b)(7)(A), since disclosure thereof would interfere with ongoing law enforcement proceedings.

You are welcome to resubmit your request once the Justice Department has closed this matter, and we will be happy to provide you with documents that may be released to you under the Freedom of Information Act.

Should you wish to appeal my decision with respect to your request, you may do so by writing within sixty days, to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, DC. The envelope should be marked "FOI/PA Appeal". Following review by the Department, judicial

review of the decision in which you reside, in which you have your principal place of business, or in the District of Columbia.

Sincerely,


Nelson D. Hermilla, Chief
Freedom of Information/Privacy Acts Branch
Civil Rights Division

CC:   FOIA Branch            A. Colbert Draft Revised 8/1/06            Records

EXHIBIT C

# CENTER FOR INDIVIDUAL RIGHTS

1233 TWENTIETH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20036

———————

(202) 833-8400
FAX: (202) 833-8410
CIR@CIR-USA.ORG
http://www.cir-usa.org

WRITER'S EXTENSION:

August 21, 2006

104

Director
Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, N.W.
Suite 11050
Washington, D.C.  20005-2108

Via U.S. Mail

Dear Sir or Madam,

I am writing to appeal the Department of Justice's denial of my request for records under the Freedom of Information Act.  On July 6, 2006, pursuant to 5 U.S.C. § 552, *et. seq.* and the regulations thereunder, I made the following two requests:

1. Drafts of any memorandum of law filed in *United States v. District of Columbia, et al.*, District of the District of Columbia Civ. No. 04-00619 (JR) that were shown to any representative or attorney for Father Flanagan's Boys Home ("Boys Home") and/or attorneys for plaintiff in *Father Flanagan's Boys Home v. District of Columbia, et al.*, D.D.C. No. 01-1732 (JR) (the "Boys Home Litigation").

2. Any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home Litigation concerning either of the litigations identified in the previous paragraph.

On July 31, 2006, Nelson D. Hermilla, Chief of the Freedom of Information / Privacy Acts Branch, Civil Rights Division, responded to my request, indicating that there were no such documents pertaining to item 1 and denying my request under item 2. Hermilla indicated the basis for his denial was that "disclosure thereof would interfere with ongoing law enforcement proceedings" under 5 U.S.C. § 552(b)(7)(A).

Section 552(b)(7)(A) provides an exception for "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." Under section 552 (a)(4)(B), the government has the burden to demonstrate that an exemption applies, and it is well settled that that FOIA exemptions are construed narrowly. *FBI v. Abransom*, 456 U.S. 615, 630 (1982).

A two pronged analysis applies to any claimed exemption under section 7(a). In order to satisfy its burden to withhold records under section 7(a), the government must first show that the records are "investigatory" and "compiled for law enforcement purposes." *Cohen v. E.P.A.*, 575 F. Supp. 425, 427 (D.D.C. 1983) *citing Campbell v. HHS*, 682 F.2d 256 (D.C. Cir. 1982). Once this has been established, the government must show that release of the records "would actually interfere with the agency's law enforcement function by resulting in concrete adverse consequences." *Id.*

In this case, the Department of Justice has simply stated that "disclosure would interfere with ongoing law enforcement proceedings." Such a self serving conclusory statement is inadequate under FOIA because it does not meet the first part of the test, that is, it has not identified the investigatory character of the records or the purpose for which they were compiled. The District Court for the District of Columbia has held that "investigatory" records are "documents [that] consist of evidence gathered to prove civil or criminal liability." *Center for Auto Safety v. Dep't of Justice*, 576 F. Supp. 739, 750-51 (D.D.C. 1983).

The United States filed suit against the District of Columbia in 2004. Presumably, by the time it filed suit, DOJ had concluded its reasonable investigation, as required by Rule 11. It is not plausible that all correspondence with Boys Home since that investigation was completed constitute evidence gathered to prove civil or criminal liability. Even assuming, *arguendo*, that some of the requested records contain information falling within section (7)(a), the government is not relieved of its disclosure burden if the exempt information can be redacted. Section 552 (b) specifically provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this section."

Accordingly, Mr. Hermilla's determination must be reversed.  If you have any questions, feel free to contact me at the above number.


Sincerely,

Michael E. Rosman

EXHIBIT D

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


Mr. Michael E. Rosman                          SEP 0 1 2006
Center For Individual Rights
1233 Twentieth Street NW., Suite 300
Washington, DC 20036

      Re:  Request No. 2006-0424

Dear Mr. Rosman:

      This is to advise you that your administrative appeal from the action of the Civil Rights Division was received by this Office on August 29, 2006.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-2913**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                  Sincerely,

                  Priscilla Jones
                  Chief, Administrative Staff

07-1125

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

Center For Individual Rights

1100

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   District of Columbia
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

United States Department of Justice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael E. Rosman
Michelle A. Scott
Center for Individual Rights
1233 20th Street, N.W. Suite 300
Washington, D.C.  20036
202-833-8400

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01125
Assigned To : Robertson, James
Assign. Date : 6/22/2007
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Court from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

violation of Freedom of Information Act, 5 U.S.C. 552, et seq

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _ _ _ _ _ _ _ _ _ _ _<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐    NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE **June 21, 2007**    SIGNATURE OF ATTORNEY OF RECORD    *Michelle Ascott*

22

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.