IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CENTER FOR INDIVIDUAL RIGHTS )
1233 20th Street, N.W. )
Suite 300 )
Washington, D.C. 20036 )
)
Plaintiffs, )
) Civ. No.: 1:07-cv-01125
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE )
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530-0001 )
)
Defendant. )
)
)

MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Center For Individual Rights ("CIR") hereby moves for summary judgment against Defendant Department of Justice ("DOJ"). This Motion is supported by the Memorandum of Points and Authorities included herein and the accompanying Statement of Material Facts Not in Dispute and Declaration of Michael Rosman. A proposed Order also accompanies this Motion.

As explained in the Memorandum of Points and Authorities below, DOJ has violated the Freedom of Information Act in failing to produce the records sought by CIR. Accordingly, CIR is entitled to an order compelling DOJ to produce those records.

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

CIR is entitled to the documents it seeks because DOJ's only justification for withholding them has no merit. DOJ contends that the records fall within an exemption to the Freedom of Information Act contained in 5 U.S.C. § 552(b)(7)(A). That exemption pertains to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." Under the Freedom of Information Act, DOJ has the burden to demonstrate that any claimed exemption applies, and in this case DOJ has not satisfied that burden. 5 U.S.C. § 552(a)(4)(B); FBI v. Abransom, 456 U.S. 615, 630 (1982).

## II. FACTUAL BACKGROUND

This is an action under the Freedom of Information Act ("FOIA") seeking the disclosure of agency records. On July 6, 2006, CIR sent a FOIA request to the Department of Justice seeking, in relevant part, the following agency records:

> Any documents constituting or reflecting communications to any representative or attorney for [Father Flanagan's] Boys Home and/or attorneys for plaintiff in the Boys Home Litigation [Father Flanagan's Boys Home v. District of Columbia, et.al., D.D.C. No. 01-1732(JR)] concerning either of the litigations identified in the previous paragraph [the Boys Home Litigation and United States v. District of Columbia, D.D.C. Civ. No. 04-00619(JR)].

See Complaint, Exhibit A; Rosman Declaration, par. 1.

On July 31, 2006, DOJ responded, denying the request on the ground that "disclosure thereof would interfere with ongoing law enforcement proceedings" and thus fell within the exemption to FOIA set forth in 5 U.S.C. § 552(b)(7)(A). See Complaint, Exhibit B.

On August 21, 2006, CIR appealed the DOJ's decision to the Department of Justice's Office of Information and Privacy. See Complaint, Exhibit C; Rosman Declaration, par. 1. CIR's appeal noted that the section 552(b)(7)(A) exemption for "records or information compiled for law enforcement purposes" applies only to records or information that could reasonably be expected to interfere with ongoing enforcement proceedings and that in order to withhold records under that exemption, the government has the burden to establish that release would actually interfere with the agency's law enforcement function by causing concrete adverse consequences.

On September 1, 2006, DOJ's Office of Information and Privacy responded, acknowledging receipt of the appeal, and stating that due to a "substantial backlog," they would rule on the appeal "as soon as we can." See Complaint, Exhibit D, Rosman Declaration, par. 2. The Office of Information and Privacy did not indicate any timeline by which it planned to rule on the appeal. To date, DOJ has yet to notify CIR as to any decision it has made on the appeal and has not produced the requested records. See Rosman Declaration, par. 2.

## III. PLAINTIFF IS ENTITLED TO THE AGENCY RECORDS IT REQUESTED UNDER THE FREEDOM OF INFORMATION ACT

CIR is entitled to the requested records because they are agency records that DOJ easily could produce but which it refuses to do so based upon a misreading of the an exemption to the Freedom of Information Act.

A. THE REQUESTED RECORDS ARE AGENCY RECORDS THAT THE DOJ EASILY COULD PRODUCE

The DOJ has never suggested that it lacks the ability to produce the documents CIR seeks. The records are obviously in DOJ's possession, given that they consist simply of records pertaining to DOJ's communications with attorneys or representatives for Boys Home. DOJ is currently litigating a case, United States v. District of Columbia, et al., D.D.C. Civ. No. 04-00619(JR), which has been consolidated with the Boys Home Litigation. The records sought should be easily located within the working files of a few DOJ employees litigating that case.

B. THE DOJ HAS A DUTY TO PRODUCE THE REQUESTED RECORDS, BECAUSE THEY DO NOT FALL WITHIN ANY FOIA EXEMPTION.

The records CIR seeks do not fall within any exemption to the Freedom of Information Act. The only justification DOJ has ever offered for its failure to produce the records is that disclosure "would interfere with ongoing law enforcement proceedings" under 5 U.S.C § 552(b)(7)(A). See Complaint, Exhibit B. Section 552(b)(7)(A) provides an exemption for "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . .

could reasonably be expected to interfere with law enforcement proceedings." Under section 552(a)(4)(B), the government has the burden to demonstrate that any exemption applies, and it is well settled that FOIA exemptions are construed narrowly. FBI v. Abramson, 456 U.S. 615, 630 (1982).

In order to satisfy its burden in order to withhold documents under section 7(A), the government must first establish that the records are "investigatory" and "compiled for law enforcement purposes." Bevis v. Dep't of State, 801 F.2d 1386, 1388 (D.C. Cir. 1986); Cohen v. E.P.A., 575 F. Supp. 425, 427 (D.D.C. 1983) citing Campbell v. H.H.S., 682 F.2d 256 (D.C. Cir. 1982). Once this has been established, the government must show "by more than conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding." North v. Walsh, 881 F.2d 1088, 1097 (D.C. Cir. 1989) citing Campbell, 682 F.2d at 259.

In this case DOJ has simply stated that "disclosure would interfere with ongoing law enforcement proceedings." See Complaint, Exhibit B. Such a self serving conclusory statement is woefully inadequate under FOIA. It does not meet the first part of the test, i.e., DOJ has not identified the investigatory character of the records or the purpose for which they were compiled. And, as to the second part of the test, DOJ's conclusory statement is inadequate to show the concrete harm which would result upon their release.

"Investigatory" records are "documents [that] consist of evidence gathered to prove civil or criminal liability." Center for Auto Safety v. Dep't of Justice, 576 F. Supp.

739, 750-51 (D.D.C. 1983). In this case, the United States filed suit against the District of Columbia in 2004. Presumably, but the time it filed suit, the DOJ must have concluded an evidentiary investigation, sufficient, as required by Rule 11 of the Federal Rules, to have a reasonable factual basis for its allegations. It is simply not plausible that all correspondence with Boys Home since that investigation concluded constitutes *evidence* gathered to prove civil or criminal liability. These later documents clearly were not gathered to prove civil liability and are not exempt from disclosure. Even assuming, *arguendo*, that some of the requested records contain information falling within section (7)(A), the government is not relieved of its disclosure burden if the exempt information can be redacted. Section 552(b) specifically provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this section." 5 U.S.C. § 552(b).

C. CIR HAS EXHAUSTED ITS ADMINISTRATIVE REMEDIES

Following DOJ's initial denial of CIR's request, CIR promptly filed its appeal with the DOJ's Office of Information and Privacy. See Complaint, Exhibit C. More than 20 business days have passed—in fact, *almost one year* has passed—since the date the agency admits to having received the appeal, but nonetheless there has been no decision, even though the agency indicated it would rule "as soon as we can." See Complaint, Exhibit D; Rosman Declaration, par. 2. Consequently, since FOIA requires an agency to "make a determination with respect to an appeal within twenty days

(excluding Saturdays, Sundays, and legal public holidays) after the receipt of such appeal," the time for the agency to rule has elapsed. 5 U.S.C. § 552(a)(6)(A)(ii). Because a party requesting records "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions . . .," DOJ's failure to issue a timely decision on CIR's appeal has resulted in the exhaustion of any administrative remedies CIR is required to pursue under FOIA as a precondition to bringing this lawsuit. 5 U.S.C. § 552(a)(6)(C)(i). Therefore, this claim is ripe for judicial resolution.

## CONCLUSION

This Court should grant Plaintiff's Motion for Summary Judgment, and order DOJ to produce to CIR any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home Litigation concerning either United States v. District of Columbia, et al., D.D.C. Civ. No. 04-00619(JR) or Father Flanagan's Boys Home v. District of Columbia, et al., D.D.C. Civ. No. 01-1732 (JR). Plaintiff also respectfully requests that DOJ be given a deadline of thirty days from the date of the Court's order to produce those documents.

Respectfully submitted,

/s/ Michael E. Rosman
Michael E. Rosman
D.C. Bar No. 454002
Michelle A. Scott
D.C. Bar No. 489097
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202) 833-8400

Attorneys for Plaintiff,
Center For Individual Rights

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR INDIVIDUAL RIGHTS<br>1233 20th Street, N.W.<br>Suite 300<br>Washington, D.C. 20036<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>Defendant. | Civ. No.: 1:07-cv-01125 |

STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Plaintiff Center For Individual Rights ("CIR") submits this statement pursuant to Local Rule 56.1. CIR maintains that the following material facts are not in dispute:

1. The Department of Justice ("DOJ") is an "agency" covered by the Freedom of Information Act. See 5 U.S.C. § 551(1).

2. On July 6, 2006, CIR sent a FOIA request to the DOJ. Exhibit A to the Complaint is an accurate copy of that request. See Complaint, Exhibit A; Rosman Declaration, par. 1.

3. Nelson D. Hermilla, Chief of the Freedom of Information/Privacy Acts

Branch, Civil Rights Division, responded to Plaintiff's request in a letter dated July 31, 2006. Exhibit B to the Complaint is an accurate copy of that response. See Complaint, Exhibit B; Rosman Declaration, par. 1.

4. On August 21, 2006, CIR appealed the DOJ's decision. See Complaint, Exhibit C; Rosman Declaration, par. 1.

5. To date, the DOJ has not responded to Plaintiff's appeal and has not produced the requested records. See Rosman Declaration, par. 2.

6. DOJ did not issue a decision on the appeal within twenty days of receipt. See Rosman Declaration, par. 2.

7. As a result of DOJ's failure to issue a determination on the appeal within twenty days, CIR has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii).

Respectfully submitted,

/s/ Michael E. Rosman
Michael E. Rosman
D.C. Bar No. 454002
Michelle A. Scott
D.C. Bar No. 489097
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202) 833-8400

Attorneys for Plaintiff,
Center For Individual Rights

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CENTER FOR INDIVIDUAL RIGHTS )
1233 20th Street, N.W. )
Suite 300 )
Washington, D.C. 20036 )
)
Plaintiffs, )
) Civ. No.: 1:07-cv-01125
v. )
)
UNITED STATES DEPARTMENT )
OF JUSTICE )
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530-0001 )
)
Defendant. )
)
)

DECLARATION OF MICHAEL ROSMAN IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

1. Attached as Exhibits A through D to the Complaint are true and correct copies of the correspondence between Plaintiff Center For Individual Rights ("CIR") and the Defendant Department of Justice ("DOJ") regarding the Freedom of Information Act ("FOIA") request giving rise to this lawsuit. The Complaint accurately describes the course of this correspondence.

2. On September 1, 2006, DOJ sent me a letter admitting it received CIR's administrative appeal of DOJ's denial of CIR's FOIA request. The letter indicated that due to a backlog, there would be a delay, but failing to indicate any proposed timeline

for resolving the appeal. See Complaint, Exhibit D. To date, almost one year later, DOJ has not ruled on the appeal, has not provided the documents, and has never indicated any time frame during which it proposes to rule on the appeal.

3. The DOJ, the U.S. Attorney's Office, and the Attorney General were served by certified mail with the complaint and summonses in the case on July 2, 2007.

I swear under penalty of perjury that the above is true and correct. Executed this 20th day of July, 2007.

/s/ Michael E. Rosman

Michael E. Rosman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CENTER FOR INDIVIDUAL RIGHTS
1233 20th Street, N.W.
Suite 300
Washington, D.C. 20036

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Defendant.

Civ. No.: 1:07-cv-01125

PROPOSED ORDER GRANTING SUMMARY JUDGMENT
IN FAVOR OF PLAINTIFF CENTER FOR INDIVIDUAL RIGHTS

WHEREAS there is no genuine issue of material fact over whether the Plaintiff Center For Individual Rights ("CIR") is entitled to the agency records it requested from Defendant Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"),

IT IS HEREBY ORDERED that (1) summary judgment is entered in favor of CIR and against DOJ; (2) DOJ shall produce to CIR within thirty days any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home Litigation concerning either United States v. District of Columbia, et al., D.D.C. Civ. No. 04-00619(JR) or Father Flanagan's

Boys Home v. District of Columbia, et al., D.D.C. Civ. No. 01-1732 (JR).

Dated:________________ ____________________________

The Honorable James Robertson
United States District Judge