IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| CENTER FOR INDIVIDUAL RIGHTS )<br>    1233 20th Street, N.W. )<br>    Suite 300 )<br>    Washington, D.C.  20036 )<br>    )<br>    Plaintiffs, )<br>    )     Civ. No.:  1:07-cv-01125<br>    v. )<br>    )<br>UNITED STATES DEPARTMENT )<br>    OF JUSTICE )<br>    950 Pennsylvania Avenue, N.W. )<br>    Washington, D.C.  20530-0001 )<br>    )<br>    Defendant. )<br>    )<br>_____ ) | |

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S

MOTION FOR SUMMARY JUDGMENT

I.    Introduction

Plaintiff Center For Individual Rights ("CIR") hereby submits this reply to defendant's opposition to plaintiff's motion for summary judgment. As set forth previously in plaintiff's motion for summary judgment, CIR is entitled to the documents it seeks because the Department of Justice ("DOJ") has no legal basis for withholding them under the Freedom of Information Act. Moreover, after waiting over a year to respond to CIR's request, defendant's only arguments in opposition are based upon a mischaracterization of non-DC Circuit law, and alleged harms that might conceivably result upon release of documents that CIR did not request.

Specifically, defendant claims it has withheld various categories of documents having no obvious relevance to CIR's FOIA request. As we noted previously, there is only one category of documents at issue in this case:

> Any documents constituting or reflecting communications to any representative or attorney for [Father Flanagan's] Boys Home and/or attorneys for plaintiff in the Boys Home Litigation [Father Flanagan's Boys Home v. District of Columbia, et.al., D.D.C. No. 01-1732(JR)] concerning either [the Boys Home Litigation or United States v. District of Columbia, D.D.C. Civ. No. 04-00619(JR)].

See Declaration of Michael Rosman, par. 1.

Defendant claims that it has withheld "Documents Relating to Attorney Work Product and Case Development Matters," which include, *inter alia*, "investigative reports furnished to Division attorneys," "attorneys and memoranda [sic] contain prospective opinions and prospective strategies," and "documents concerning contacts between the Division and other agencies or among the Department components . . . ." See Defendant's Opposition to Plaintiff's Motion for Summary Judgment at p. 7. But defendant does not explain why this category is responsive to CIR's request in the first place. So, too, with defendant's claim that it has withheld "Documents Relating to Evidentiary Matters," consisting of "documents relating to the location or viability of potential evidence," "documents obtained in response to document request [sic], search warrants, or subpoenas," "financial records, construction records, zoning records, permits, and plans pertinent to the ongoing proceedings," and "other documentary evidence obtained pertinent to and in conjunction with the ongoing law

enforcement proceedings." See Defendant's Opposition, at p. 8. CIR never requested such documents, and defendant offers no reason why it believes such documents are implicated by the only request at issue here. One is tempted to conclude that defendant is trying to deflect attention from the weakness of its legal argument by misrepresenting the breadth of the request at issue.

II.     DOJ's Characterization of the Section 552(b)(7) Test is Legally Deficient

Defendant claims the documents CIR requested are exempt from disclosure under section 552(b)(7)(A), which exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." In support of its argument that the documents fall under section (7)(A), defendant cites to (part of) a "two part test" used by other circuits, but, tellingly, completely disregards case law in which this very Court properly applies section 552(b)(7)(A).

Citing to Third and Fifth Circuit case law, defendant claims that "[i]n defending an Exemption 7(A) withholding, the agency must show that (1) a law enforcement proceeding is pending, or reasonably regarded as prospective, . . . or as preventative, . . . and (2) that the release of the information could reasonably be expected to cause some articulable harm." See Defendant's Opposition at p. 5-6 citing Manna v. United States Dep't of Justice, 51 F.3d 1158, 1164 (3d Cir. 1995); Moorefield v. United States Secret Service, 611 F.2d 1021, 1026 (5th Cir. 1980). What defendant neglects to tell the Court, however, is that this two part test is performed "[a]fter establishing the threshold requirement," that the records were "compiled for law enforcement purposes." Manna, 51 F.3d at 1164. See also Moorefield, 611 F.2d at 1024 ("The documents in

3

the Moorefield file are plainly 'investigatory records' prepared for 'law enforcement purposes.'") Defendant's formulation of this so-called "two part test" completely ignores key language not only of the actual cases cited, but also the text of section 552(b)(7)(A), i.e., the basic requirement that the records sought were in fact *compiled for law enforcement purposes*. This is no small omission.

Furthermore, this very court has recognized that the government has the burden to establish that records are compiled for law enforcement purposes in order to rely upon section 552(b)(7)(A). As this Court stated in <u>Center For Auto Safety v. Department of Justice</u>, 576 F. Supp. 739, 750 (D.D.C. 1983):

> [T]wo factors need be shown for the DOJ to successfully assert Exemption 7(A). First, the DOJ must show that each document is part of an "investigatory record" which was "compiled for law enforcement purposes." Second, it must show that disclosure would interfere with an enforcement proceeding.

<u>quoting</u> <u>N.L.R.B. v. Robbins Tire & Rubber Co.</u>, 437 U.S. 214, 226-34 (1978); <u>Stern v. S.B.A.</u>, 516 F. Supp. 145, 149-50 (D.D.C. 1980). Before a court can determine that a document was part of an investigatory record compiled for law enforcement purposes, it must look at the characteristics of the investigation:

> In other words, before a court can find that a document is an investigatory record, it must first determine if it was compiled for a law enforcement purpose. In making this finding, the court in <u>Rural Housing</u> instructs that the investigation must be found to "focus on specifically alleged illegal acts, illegal acts of particular identified officials, acts which if proved result in civil or criminal sanctions."

<u>Id.</u> <u>citing</u> <u>Rural Housing Alliance v. Dep't of Agriculture</u>, 498 F.2d 73, 81 (D.C. Cir. 1974).

In order to qualify under exemption 7(A), it is insufficient that the documents just relate in some way to an underlying lawsuit or law enforcement purpose. Thus, in

4

Center For Auto Safety, the Court concluded that certain documents in a lawsuit that had alleged antitrust violations by major U.S. auto manufacturers in the development of emission control devices, were not exempt under 7(A).  Specifically, the Court held that (a) draft settlement agreements in the matter, (b) notes discussing those agreements, and (c) correspondence between DOJ and the defendants concerning the negotiations were not "compiled for law enforcement purposes" as required by exemption 7(A).  Center for Auto Safety, 576 F. Supp. at 751.  Obviously, such documents *pertained* to the ongoing enforcement of the antitrust laws against the defendants, and the notes presumably directly related to the appropriate standards, but they were not covered by the exemption because they did "not appear to consist of *evidence* gathered to prove civil or criminal liability."  Id. (emphasis added).

In support of its decision to withhold 350 pages of records, defendant merely states "[t]he Civil Rights Division records being withheld under Exemption 7(A) were compiled in conjunction with an ongoing investigation and law enforcement proceeding involving allegations of violations of the Fair Housing Act and Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §3601, et. seq.."  See Defendant's Opposition, at p. 6.  Defendant has made no showing as to the particulars of the investigation and how any particular document they have withheld was *compiled* pursuant to this investigation.   Moreover, the phrase "compiled for law enforcement purposes" must be construed, like all FOIA exemptions, narrowly.  FBI v. Abramson, 456 U.S. 615, 630 (1982).  Accordingly, defendant has not satisfied its burden to establish that the documents it seeks to withhold satisfy the requirements of section 552(b)(7)(A).

5

Furthermore, section 7(A) does not authorize automatic or wholesale withholding simply because a document is compiled for law enforcement purposes; rather, "an agency seeking to shield records or information behind exemption 7(A) must show that disclosure could reasonably be expected perceptibly to *interfere* with an enforcement proceeding."  North v. Walsh, 881 F.2d 1088, 1097 (D.C.Cir. 1989) (emphasis original) quoting Campbell v. Dep't of Health & Human Services, 682 F.2d 256, 259 (D.C. Cir. 1982).  As to whether the release of the documents would actually interfere with an enforcement proceeding, defendant has admitted that there are records it has withheld that would not interfere with current, ongoing law enforcement proceedings.  See Declaration of Nelson D. Hermilla, at par. 19.  Accordingly, section 7(A) does not shield their release.

Defendant's alternate contention that section 552(b)(7)(C) shields the records from release is also deficient.  Section 552(b)(7)(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy."  Not only has defendant failed to satisfy its burden to first establish that the records were in fact compiled for law enforcement purposes, but defendant has offered nothing to prove that the type of records CIR requested would implicate personal privacy, or that any particular witness *wanted or expected* privacy, or that they would merit privacy if they had requested it.

FOIA exemption 7(C) permits nondisclosure where documents constitute an unwarranted invasion of personal privacy, including privacy interests in "marital status, legitimacy of children, identity of fathers of children, medical condition[s], welfare payments, alcoholic consumption, family fights [and] reputation."  Cohen v. EPA, 575 F. Supp. 425, 429 (D.D.C. 1983) quoting Rural Housing Alliance, 498 F.2d at 77.

Similarly, the Supreme Court has permitted nondisclosure of death scene photographs on the basis of the personal privacy interest of surviving family members, and the Court also allowed the FBI to refuse to provide copies of "rap sheet[s]" to third parties to protect the personal privacy interest of the subject. National Archives and Records Admin. v. Favish, 541 U.S. 157 (2003); United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989). The personal privacy exemption does not cover information relating to professional or business activities. Cohen v. EPA, 575 F. Supp. at 429. While this Circuit recognizes a privacy interest in a person's identity contained in investigatory records, this privacy interest is limited to "specific circumstances where disclosure may endanger the individual or threaten a source of government information." Id. See e.g., Holy Spirit Ass'n v. FBI, 683 F2d 562 (D.C. Cir. 1982); Bast v. Dep't of Justice, 665 F.2d 1251 (D.C. Cir. 1981).

     Again, in this case, CIR requested communications between DOJ and the attorneys for Boys Home. It is hard to fathom how section 7(C) privacy interests are implicated in these communications, and defendant has not satisfied its burden to establish that they are. To determine whether section 7(C) applies, the court must "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." Sussman v. United States Marshalls' Service, 494 F.3d 1106, 1115 (D.C. Cir. 2007). Defendant's vague allusions to fact witnesses do not adequately identify the privacy issues at stake.[1]

---

[1] Moreover, to the extent that the court finds this exemption applies, defendant may not simply withhold these documents categorically. Rather, "[a]ny reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt." 5 U.S.C. § 552(b). This rule of segregation applies to all exemptions, and "[i]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions," and before approving such an exemption, the court must make specific findings of segregability regarding the documents to be withheld. Sussman, at 1116.

7

III.     Records Sought Are Not Exempt Under Section 552(b)(5)

Defendant also claims the documents are exempt under section 552(b)(5), which, by its very terms is limited to "interagency or intra-agency communications." But, CIR requested documents that concern "communications to any representative or attorney for [Father Flanagan's] Boys Home and/or attorneys for plaintiff in the Boys Home Litigation." Neither Boys Home nor its attorneys are governmental entities. Accordingly, exemption 5 is inapplicable on its face. Cohen v. EPA, 575 F. Supp. 425, 430 (D.D.C. 1983) ("The agency is not seeking to withhold memoranda prepared for internal use, but letters it has voluntarily disclosed . . . . .).

An agency claiming that Exemption 5 is applicable must meet a two-part test:  (1) the documents must be "inter-agency or intra-agency memorandums or letters" and (2) the documents must "fall within the ambit of a privilege against discovery. . ." Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001). Each is a separate requirement, and each must be met in order for Exemption 5 to apply. Id. at 9.

Here, defendant has not even addressed the first element, but simply jumps to the conclusion that the documents would be privileged from civil discovery. In this case, the court need not even consider the privileged status of the documents requested, because they are neither interagency nor intra-agency communications. See Klamath, 532 U.S. at 12, n.3 ("Because we conclude that the documents do not meet this threshold [first] condition, we need not reach step two of the Exemption 5 analysis and

enquire whether the communications would normally be discoverable in civil litigation"); Center for International Environmental Law v. Office of the United States Trade Representative, 237 F. Supp. 2d 17, 30 n.7 (D.D.C. 2002) (because the documents "fail[ed] the first prong of the test for protection under Exemption 5 because they are not inter-agency or intra-agency documents, the Court does not reach the second prong of the test, namely the question of whether or not these documents are predecisional and deliberative in nature"); Philadelphia Newspapers, Inc. v. Dep't of Health and Human Services, 69 F. Supp. 2d 63, 68 (D.D.C. 1999) (documents created pursuant to an audit of Medicare billing practices of a teaching hospital, and then shown to the hospital, were not protected by Exemption 5; "A *threshold question* is whether the records qualify as 'inter-agency or intra-agency memorandums or letters'" (emphasis added)); Center for Auto Safety v. Department of Justice, 576 F. Supp. 739, 747 (D.D.C. 1983) (where documents were prepared by DOJ in anticipation of proposed modification to a consent decree, and then shown to the defendants in the lawsuit in which the decree was entered, the Court concludes that the documents were not exempt under Exemption 5; although they "appear, at first blush, to involve the deliberative process of the DOJ leading the proposal of the modified Consent Decree" and "allegedly contain the personal predecisional views of subordinate agency individuals, . . . *[t]he threshold question* still remains, however, whether once shown to the defendants in the Consent Decree case, they lose their status as 'intra-agency documents'" (emphasis added)). Defendant has simply ignored the first part of this test.

Defendant does not argue that Boys Home or its attorneys are tantamount to

9

government agents, and with good reason. In Klamath, the Supreme Court noted that some lower courts had extended the protection of Exemption 5 to "consultants." Without passing on whether *any* such extension was appropriate, the Court concluded that such protection could only extend to communications with those consultants essentially performing the functions of a governmental employee:

> [T]he fact about the consultant that is constant in the typical cases is that *the consultant does not represent an interest of its own, or the interest of any other client*, when it advises the agency that hires it. Its only obligations are to truth and its sense of what good judgment calls for, and in those respects the consultant functions just as an employee would be expected to do.

Klamath, 532 U.S. at 10-11 (emphasis added). Boys Home is not a "consultant" in this sense. It has its own lawsuit and its own interests in that lawsuit, represented by independent attorneys. See, Physicians Committee For Responsible Medicine v. National Institute of Health, 326 F. Supp. 2d 19 (D.D.C. June 29, 2004) (physician who received research grant was not a "consultant" so as to exempt his communications with an agency under section 552(b)(5)); Center For Int'l Environmental Law v. Office of the United States Trade Representative, 237 F. Supp. 2d 17, 27 (D.D.C. 2002) (nation that entered into a trade pact with United States was not a "consultant" for purposes of exemption 5 because it was "an advocate for its own interests and not a provider of independent advice to the United States.").

IV.   Conclusion

For the forgoing reasons, this Court should grant Plaintiff's Motion for Summary

Judgment, and order DOJ to produce to CIR any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home Litigation concerning either <u>United States v. District of Columbia, et al.</u>, D.D.C. Civ. No. 04-00619(JR) or <u>Father Flanagan's Boys Home v. District of Columbia, et al.</u>, D.D.C. Civ. No. 01-1732 (JR).  Plaintiff also respectfully requests that DOJ be given a deadline of thirty days from the date of the Court's order to produce those documents.

Respectfully submitted,

<u>/s/ Michael E. Rosman</u>
Michael E. Rosman
D.C. Bar No. 454002
Michelle A. Scott
D.C. Bar No. 489097
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202) 833-8400

Attorneys for Plaintiff,
Center For Individual Rights