IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF THE DISTRICT OF COLUMBIA

---

CENTER FOR INDIVIDUAL RIGHTS,    :

    Plaintiff,    :

    v.    :

DEPARTMENT OF JUSTICE,    :

    Defendant.    :

---

Case No. 07 Civ. 01125 (JR)

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Center For Individual Rights ("CIR") hereby submits this short opposition to defendant's motion for summary judgment. As set forth previously in plaintiff's motion for summary judgment, and plaintiff's reply, CIR is entitled to the documents it seeks because the Department of Justice ("DOJ") has no legal basis for withholding them under the Freedom of Information Act and defendant's claimed bases for withholding the records are based upon misreadings of the law. To briefly summarize:

    1.    The requested documents are not exempt from FOIA under Exemption 7(A) because they were not *compiled* for a law enforcement purpose. Even if they were, defendants concede that at least some of the documents are not covered under Exemption 7(A) because there are some whose release would not interfere with any ongoing law enforcement proceeding.

Hermilla Declaration dated September 7, 2007 at para. 19.

2.  The requested documents are not exempt from FOIA under Exemption 7(C) because they were not compiled for a law enforcement purpose and because defendant has not shown that the kind of privacy interest implicated by Exemption 7(C) would be affected by their release.

3.  The requested documents are not exempt from FOIA under Exemption 5 because they are not inter-agency or intra-agency communications.

For these reasons, defendant's arguments fail as a matter of law. But even if that were not true, defendant's motion for summary judgment still should be denied because its moving papers did not meet its summary judgment burden. That is, even if the requested documents were, in fact, interagency communications, for example, defendant's moving papers made no effort to demonstrate that fact, and its motion for summary judgment would have to be denied on that ground as well.

As for other facts essential for defendant's motion, it submits only the statement of Nelson Hermilla, who purports to relay various things that he was told by others about the nature of the documents being withheld. Of course, this is inadmissible hearsay.

Under Rule 56, a party moving for summary judgment has the burden to make the initial showing that there is no genuine issue of material fact in dispute and that it is entitled to judgment as a matter of law. *F.D.I.C. v. Bender*, 127 F.3d 58, 63 (D. C. Cir. 1997); *Beatty v. Washington Area Metropolitan Transit Authority*, 860 F.2d 1117, 1121 (D.C. Cir. 1988) (where

transit authority's defense of statute of limitations depended upon showing that any nuisance was permanent, Court reverses grant of summary judgment to transit authority because it failed to present evidence supporting that assertion on its initial papers in support of its summary judgment motion). It must do so by competent evidence. Rule 56(e), Fed. R. Civ. P. Even if the opposing party fails to submit opposing papers at all, a court cannot grant summary judgment to a movant which has failed to properly support its motion. *Beatty*, 860 F.3d at 1121. Thus, if the government moves for summary judgment in a FOIA case, where it bears the burden of proof at trial (*see* 5 U.S.C. § 552(a)(4)(B)), it must demonstrate by competent evidence that there is no genuine issue of material fact as to each of the elements on any exemption that it invokes. *El v. Southeastern Pennsylvania Transportation Authority*, 479 F.3d 232, 238 (3d Cir. 2007) ("it is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law"). Defendant simply has not done so here.

Conclusion

For the foregoing reasons, defendant's motion for summary judgment should be denied.

Respectfully submitted,

/s/ Michael E. Rosman
Michael E. Rosman
D.C. Bar No. 454002
Michelle A. Scott
D.C. Bar No. 489097
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202)   833-8400

Attorneys for Plaintiff Center For Individual Rights

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------x

CENTER FOR INDIVIDUAL RIGHTS,  :

   Plaintiff,  :

   v.  :

                                              Case No. 07 Civ. 01125 (JR)

DEPARTMENT OF JUSTICE,  :

   Defendant.  :

-----------------------------------------------------------------x

PLAINTIFFS' STATEMENT IN REPONSE TO DEFENDANT'S STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE

    Plaintiff Center For Individual Rights ("CIR") submits this statement pursuant to Local Rule 7(h). With regard to Defendant's Statement of Material Facts Not in Dispute, Plaintiff responds as follows according to the numbered paragraphs of Defendant's Statement:

    1.    Admit.

    2.    Plaintiff has no evidence at this time to dispute these facts. No discovery has taken place in this action to date. To the extent that the internal communications described in this paragraph are material facts, plaintiff would seek discovery with respect to them. *See* Rosman Statement.

    3.    Admit that on July 31, 2006 the FOI/PA Branch responded to Plaintiff, and refer

the Court to the letter itself for its contents.

4.    Admit.

Material Facts In Dispute

Plaintiff also asserts that defendant has not submitted competent evidence to demonstrate certain essential elements of its defense, and, specifically, with respect to the following issues:

1.    Whether any of the documents requested were compiled for a law enforcement purpose.

2.    Whether disclosure of any of the documents requested would constitute an improper invasion of privacy.

3.    Whether any of the documents requested are interagency or intraagency communications.

Respectfully submitted,

/s/ Michael E. Rosman
Michael E. Rosman (D.C. Bar No. 454002)
Michelle A. Scott (D.C. Bar No. 489097)
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202)    833-8400

Attorneys for Plaintiff Center For Individual Rights

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF THE DISTRICT OF COLUMBIA

----------------------------------------------------------------x

| | |
|---|---|
| CENTER FOR INDIVIDUAL RIGHTS, | : |
| Plaintiff, | : |
| v. | : |
| DEPARTMENT OF JUSTICE, | : |
| Defendant. | : |

Case No. 07 Civ. 01125 (JR)

----------------------------------------------------------------x

ROSMAN STATEMENT

MICHAEL E. ROSMAN states:

1.      I am the General Counsel for the Center for Individual Rights, attorneys for plaintiff in this FOIA matter.  I submit this statement in opposition to defendant's motion for summary judgment and pursuant to Rule 56(f), Fed. R. Civ. P.

2.      In its statement of undisputed material facts, defendant claims that it is undisputed that "[i]n searching for records responsive to Plaintiff's FOIA request, the FOI/PA staff contacted the Housing and Civil Enforcement Section.  Hermilla Dec. ¶ 4.  The Section advised the FOI/PA Branch that the Housing and Civil Enforcement Section had an open and ongoing law enforcement proceeding that involved [Father Flanagan's] Boys Home.  *Id.*"  *See* Doc. 13-3, Statement of Material Facts Not In Dispute, ¶ 2.

3.\tPlaintiff has no evidence to dispute these assertions about internal discussions within defendant. However, no discovery has taken place to date. Although plaintiff does not believe that such internal discussions are material to any issue in this case, it requests discovery with respect to those discussions should this Court conclude otherwise.

4.\tGiven that both parties believe that summary judgment is appropriate based upon the undisputed facts, no discovery conference pursuant to Rule 26(f) has taken place. Given the infrequency with which discovery is required in FOIA cases, plaintiff believes that it is prudent to await the Court's resolution of the outstanding motions before formulating a discovery plan pursuant to that rule and undertaking the costs and expense of discovery. Accordingly, plaintiff has not yet pursued discovery with respect to the factual claims referred to above.

I state under penalites of perjury that the foregoing is true and correct. Executed on October 24, 2007.

/s/ Michael E. Rosman  
Michael E. Rosman

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF THE DISTRICT OF COLUMBIA

---------------------------------------------------------------x

CENTER FOR INDIVIDUAL RIGHTS, :

   Plaintiff, : Case No. 07 Civ. 01125 (JR)

   v. :

DEPARTMENT OF JUSTICE, :

   Defendant. :

---------------------------------------------------------------x

PROPOSED ORDER

After reviewing the papers submitted on defendant's motion for summary judgment, that motion is denied.

Dated:_____    _____
                         The Honorable James Robertson
                         United States District Judge