UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR INDIVIDUAL RIGHTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1125 (JR) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY
TO PLAINTIFF'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

Defendant submits this response to plaintiff's opposition to defendant's motion for summary judgment.

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and pertains to the processing of plaintiff's FOIA request by the Defendant, United States Department of Justice ("DOJ"). On July 6, 2007, the Civil Rights Division FOI/PA Branch received a FOIA request from the Center for Individual Rights ("Plaintiff") seeking access to:

> (1) Drafts of any memorandum of law filed in United States v. District of Columbia, et. al, District of the District of Columbia Civ. No. 04-00619 (JR) that were shown to any representative or attorney for Father Flanagan's Boys Home ("Boys Home") and/or attorney for plaintiff in Father Flanagan's Boys Home v. District of Colombia, et al., D.D.C. NO. 01-1732 (JR) (the "Boy's Home Litigation"); and (2) Any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home litigation concerning either of the litigations identified in the previous paragraph.

Hermilla Declar. para. 3.

In searching for records responsive to Plaintiff's FOIA request, the FOI/PA staff contacted the Housing and Civil Enforcement Section. The Section advised the FOI/PA Branch

that the Housing and Civil Enforcement Section had an open and ongoing law enforcement proceeding that involved the Boys Home. Hermilla Declar. para. 4.

On July 31, 2006, the FOI/PA Branch responded to Plaintiff's FOIA request. It informed the Plaintiff that there were no drafts of memorandum of law responsive to Item 1 of the request. Id. The Civil Rights Division denied access to correspondence from the U.S. Department of Justice to Father Flanagan's Boys Home, since the documents pertained to an ongoing Civil Rights Division law enforcement action by the Civil Rights Division, and disclosure of such correspondence could reasonably be expected to interfere with ongoing law enforcement proceedings pursuant to 5 U.S.C. § 552(b)(7)(A). Id.

The Civil Rights Division withheld approximately 350 pages of documents, including duplicates. These documents are all part of the same ongoing law enforcement proceeding. On Septempber 7, 2007, the FOI/PA Branch sent a supplemental response (attached) to Plaintiff with 147 pages of documents which could be released because disclosure of this information would not, at that time, interfere with ongoing law enforcement proceedings. Hermilla declar. para. 11.

Defendant has moved for summary judgment arguing that DOJ's search for documents was adequate and that DOJ properly applied Exemptions 5, 7(A), and 7(C). Plaintiff opposed defendant's motion in summary fashion denying that defendant has a legal basis for withholding the documents. Plaintiff denied that the documents were compiled for law enforcement purposes and argued that Exemption 7(A) does not apply. Plaintiff asserted, in the alternative, that even if the records were compiled for law enforcement purposes, some of the documents could be released because they would not interfere with any ongoing law enforcement proceeding. Opp'n at 1. Plaintiff did not identify those documents, nor did it acknowledge that defendant had already

released the documents that did not interfere with the law enforcement proceeding. Plaintiff argued that Exemption 7(C) is inapplicable because the documents were not compiled for a law enforcement purpose and because the defendant has not shown "that the kind of privacy interest implicated by Exemption 7(C) would be affected by the release of the documents." Plaintiff argues that Exemption 5 is inapplicable because the records are not composed of inter-agency or intra-agency communications. Plaintiff also argued that the declaration of Nelson Herilla is inadmissible hearsay and that the government did not show that it is entitled to summary judgment. Opp'n at 2.

Plaintiff does not contest the adequacy of defendant's search which should be deemed conceded. Defendant has established by declaration pursuant to 28 U.S.C. sec. 1746 that the information withheld is part of an ongoing law enforcement proceeding. Hermilla declar. paras. 4-5. Plaintiff has not refuted the fact of the ongoing law enforcement proceeding with any credible evidence. Defendant has established by declaration that the documents withheld are the types of documents that should remain confidential including correspondence and internal emails concerning tactics, analysis of allegations and legal issues, analysis of evidence and transactions investigated, and prospective strategies. Hermilla declar. para. 12. Defendant describes the categories of information withheld and describes how disclosure of the information could reasonably be expected to result in interference with or harm to the ongoing law enforcement proceedings. Hermilla Decl. ¶ 13. DOJ describes how Exemption 5 applies to materials protected by the deliberative process, the attorney work product privilege, and the common interest in litigation privilege. Defendant also describes how the disclosure of personal data to third parties could reasonably be expected to constitute an unwarranted invasion of personal privacy and is exempt under 7(C).

Plaintiff's argument that defendant's declaration is inadmissible hearsay which should be disregarded is meritless. Plaintiff's statement that the declaration itself is inadmissible hearsay is

accurate. However, Rule 56(e) specifically provides for the use of affidavits in supporting and opposing motions for summary judgment. The affidavits "shall be made on personal knowledge, shall set forth such fact as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." It is axiomatic that while the affidavits themselves are hearsay, they may be relied upon by the Court in granting summary judgment as long as the content of the affidavit is admissible at trial. 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FED. PRACTICE & PROCEDURE CIV. 3d sec. 2738 (2007). An affidavit of an agency employee responsible for coordinating the search satisfies the personal knowledge requirement. *Carney v. U.S. Dep't of Justice*, 19 F. 3d 807, 814 (2nd Cir. 1994), *affg in pertinent part, rev'g & remanding in part*, No. 92 CV-6204, slip op at 12 (W.D.N.Y. Apr. 27, 1993)

The declaration provided by the defendant in support of its motion for summary judgment was signed by Nelson D. Hermilla, the Chief of the FOI/PA Branch of the Civil Rights Division of the Department of Justice. He states that the branch that he is responsible for processes all FOIA and Privacy Act requests made to the Division. He states that the statements made in his declaration are based on knowledge acquired through the performance of his official duties. The content of the affidavit is admissible at trial through the production of business records and the testimony of witnesses. Thus, the declaration meets the requirements of Rule 56(e). Notably, Mr. Hermilla's declaration does not "relay various things that he was told by others about the nature of the documents being withheld," as alleged by plaintiff.

In FOIA cases, the agency has the burden of justifying nondisclosure, and it must sustain its burden by submitting detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions. *Summers v. Dep't of Justice*, 140 F. 3d 1077, 1080 (D.C. Cir.

1998).  Summary judgment may be granted solely on the basis of agency affidavits if they are clear, specific, and reasonably detailed, if they describe the withheld information in a factual and nonconclusory manner, and if there is no contradictory evidence on the record or evidence of agency bad faith.  *L.A. Times Commc'ns v. Dep't of the Army*, 442 F. Supp. 2d 880, 899-900 (C.D. Cal. 2006).  If all these requisites are met, such affidavits are usually accorded substantial weight by the courts.  *In re Wade*, 969 F. 2d 241, 246 (7th Cir. 1992)("Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned.")

      Here defendant has provided a detailed declaration of an agency witness with personal knowledge.  Although Mr. Hermilla does not describe individually each document that is being withheld, he describes three categories, each containing several sub-categories, which describe the documents being withheld.  Mr. Hermilla states that any attempt to further describe the records would lead to disclosure of the information sought to be protected.  Hermilla declar. para. 17.  Categorical descriptions of the withheld material are sufficient if further detail would lead to the disclosure of the information sought to be protected.  *Spannaus v. U.S. Dep't of Justice*, 813 F. 2d 1285, 1287 (4th Cir. 1987).  Plaintiff has produced no evidence to refute the information contained in the agency's declaration, nor has it shown evidence of bad faith on the part of the government.  Accordingly, defendant's motion for summary judgment should be granted.

## CONCLUSION

      The DOJ has properly responded to plaintiff's FOIA request and has provided plaintiff with all of the nonexempt information to which it is entitled.  For these reasons, defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #246470
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #416364
Assistant United States Attorney


_____/s/_____
CHARLOTTE A. ABEL, D.C. BAR #388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332

U.S. Department of Justice

Civil Rights Division

---

NDH:TDC
2006-0424(4-338)
DJ# 175-16-102

Freedom of Information/Privacy Acts
Branch - NALC
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

SEP -7 2007

Michael E. Rosman, Esq.
Center for Individual Rights
1233 Twentieth Street, N.W.
Suite 300
Washington, D.C. 20036

Dear Mr. Rosman:

    This is a supplemental response to your Freedom of Information Act request regarding documents pertaining to the Father Flanagan's Boys Home and seeking access to: (1) "Drafts of any memorandum of law filed in United States v. District of Columbia, et. al, District of the District of Columbia Civ. No. 04-00619 (JR) that were shown to any representative or attorney for Father Flanagan's Boys Home ("Boys Home") and/or attorney for plaintiff in Father Flanagan's Boys Home v. District of Colombia, et al., D.D.C. NO. 01-1732 (JR) (the "Boy's Home Litigation"); and (2) Any documents constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home litigation concerning either of the litigations identified in the previous paragraph."

    As you're aware, in the Civil Rights Division's July 31, 2006 response, the FOIA Branch informed you that there were no documents regarding item no. 1 of your request. Regarding item no. 2 of your request, upon further review, I have determined that the enclosed 147 pages of documents can be released to you in their entirety. The additional information you requested such as correspondence and emails to representatives or attorneys for Father Flanagan's Boys' Home from the U.S. Department of Justice still pertains to an ongoing law enforcement proceeding. I have determined that access to responsive records should be denied pursuant to 5 U.S.C. 552 (b)(7)(A) since disclosure thereof would interfere with ongoing law enforcement proceedings. Additionally, although the FOI/PA Branch is withholding these documents pursuant to Exemption 7(A), the documents would also be exempt in whole or in part under other provisions of the FOIA, including 5 U.S.C. § 552 (b)(5) and 5 U.S.C. § 552 (b)(7)(C).

    Duplication costs are calculated at the rate of $0.10 per page with the first 100 pages free to which you are entitled by statute. Please note that some documents and letters were missing the attachments. The original documents from within the files contained missing attachments.

You are welcome to resubmit your request once the legal proceedings have been completed. At that time, we will be glad to provide you with any additional documents that may be available to you under the Freedom of Information Act.

Should you wish to appeal my decision with respect to your request, you may do so by writing, within thirty days, to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530. The envelope should be marked "FOI/PA Appeal." Following review by the Department, judicial review of the decision of the Attorney General is available in the United States District Court in the judicial district in which you reside, in which you have your principal place of business, or in the District of Columbia.

I hope the Civil Rights Division has been of some assistance to you in this matter.

Sincerely,

Nelson D. Hermilla, Chief
Freedom of Information/Privacy Acts Branch
Civil Rights Division

Enclosures

cc:    FOI/PA Branch
       TDC