IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

CENTER FOR INDIVIDUAL RIGHTS )
    1233 20th Street, N.W. )
    Suite 300 )
    Washington, D.C. 20036 )
     )
        Plaintiffs, )
     ) Civ. No.: 1:07-cv-01125
    v. )
     )
UNITED STATES DEPARTMENT )
    OF JUSTICE )
    950 Pennsylvania Avenue, N.W. )
    Washington, D.C. 20530-0001 )
     )
        Defendant. )
     )
_____ )

## MOTION FOR RECONSIDERATION AND
## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Center For Individual Rights hereby moves this court to reconsider its decision dated January 30, 2008 (the "Jan. 30 Memo.") to the extent that that decision denied Plaintiff's motion for summary judgment against Defendant Department of Justice as to documents not protected by Exemption 7(A) (the "Non-7(A) Documents"). This Motion is supported by the Memorandum of Points and Authorities included herein. A Proposed Order also accompanies this Motion.

As explained in the Memorandum of Points and Authorities below, the Court's denial of Plaintiff's motion for summary judgment as to the Non-7(A) Documents

constitutes clear error, and plaintiff is entitled to judgment as a matter of law because defendant failed to satisfy its burden to show that the Non-7(A) Documents it withheld are exempt under 5 U.S.C. § 552(b)(5) or 5 U.S.C. § 552(b)(7)(C).

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

A partial summary judgment order without a separate entry of judgment does not preclude the court from reconsidering the ruling later during the litigation; thus, this Court has considerable discretion to reconsider its ruling. See Laird v. Stillwill, 982 F. Supp. 1345, 1354 (N.D. Iowa 1997) (A district court's partial summary judgment is not subject to the strictures of Rule 59(e), and the district court retains the power to deal with any aspect of the lawsuit until its termination by the entry of a final and appealable judgment.) (citing 10A Charles A Wright, et al., Federal Practice & Procedure § 2737, at 455-56 (2d ed. 1983)).[1] The court's discretion to alter or amend a partial grant of summary judgment is broader than its power to amend a final judgment under either Rule 59(e) or Rule 60(b), because the court retains jurisdiction to alter or amend non-final, non-appealable interlocutory orders. Id. at 1354-55. See also Alberty-Velez v. Corporacion de Puerto Rici Para la Difusion Publica, 361 F.3d 1, 6 n. 5 (1st Cir. 2004) ("A district court retains jurisdiction to modify a [Rule 56(d)] order at any time."). Under Rule 54(b), this Court can reconsider a grant of partial summary judgment at any time.

---

[1] Although the Jan. 30 Memo. stated that "[a] separate order accompanies memorandum," Jan. 30 Memo. at 8, no such order was then or has been issued as of this date.

See Doctor's Hospital v. Southeast Medical Alliance, Inc., 897 F. Supp. 290, 291 (E.D. La. 1995) ("In addition to providing the standard for entry of partial judgments, Rule 54(b) also sets for the standard by which the Court may reconsider its grant of partial summary judgment in defendants' favor."). In this case, the Court should grant Plaintiff's motion for reconsideration because the denial of plaintiff's motion for summary judgment as to the Non-7(A) Documents was clear error.

II.     THE COURT COMMITTED CLEAR ERROR WHEN IT DENIED PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DOCUMENTS NOT EXEMPT UNDER SECTION 7(A)

Plaintiff met its initial burden on summary judgment in this FOIA case by demonstrating that it had requested documents, that the documents had not been provided, and that it had exhausted its administrative remedies. Once the moving party has established its prima facie case, the burden shifts to the nonmoving party to show that there is in fact a genuine issue of material fact. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560 (D.C. Cir. 1990). A moving party is entitled to judgment as a matter of law if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Morgan v. Federal Home Loan Mortgage Corp., 328 F.3d 647, 650 (D.C. Cir. 2003); Bias, 905 F.2d at 1560.

Under the Freedom of Information Act, the government agency has the burden to establish that any documents withheld qualify under the claimed exemption. 5 U.S.C. § 552(a)(4)(B); FBI v. Abransom, 456 U.S. 615, 630 (1982). In this case, the defendant clearly failed to satisfy this burden as to the Non-7(A) Documents. While the Court accepted the defendant's contention that numerous documents were properly withheld under section 7(A), the defendant conceded, and the Court acknowledged, that "[t]here are records that pertain to matters within the Civil Rights Division that would not interfere with current, ongoing law enforcement proceedings . . . " See Jan. 30 Memo. at p.7 (quoting Affidavit of Nelson Hermilla, par. 18). And, the Court correctly concluded that this "problem" is not solved by the mere declaration that "these documents, if individually processed, would also be exempt in whole or in part under other provisions of the FOIA, including 5 U.S.C. § 552(b)(5) and 5 U.S.C. § 552(b)(7)(C)," because this statement "amounts to a conjecture that, if individually examined, documents not covered by 7(A) might be covered by another exemption." Jan. 30 Memo. at p. 7 (emphasis in original).

Thus, the Court explained why the Hermilla affidavit was insufficient for defendant to meet its burden on *its* motion for summary judgment with respect to the Non-7(A) Documents. But this Court also ruled, at least implicitly, that the Hermilla affidavit *was* sufficient to meet defendant's burden on plaintiff's motion for summary judgment as to those documents. This Court, however, gave no reason why Hermilla's affidavit was inadequate for one purpose but adequate for the other. Indeed, its characterization of his "testimony" with regard to the Non-7(A) Documents as conjecture

4

demonstrates that it was inadequate for both purposes.

In order to withstand a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and must "come forward with specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 586-87 (1986) (emphasis in original). See also Crawford-El v. Britton, 93 F3d 813, 821 (D.C. Cir. 1996); Bias, 905 F.2d at 1563 (granting summary judgment where opposing party relied upon "bare arguments and allegations" which did not create a genuine issue for trial). The mere existence of a "scintilla of evidence" is not sufficient to block a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A party resisting summary judgment may not rely on allegations, conclusory statements, or evidence that is "merely colorable." Siegel v. Ridgewells, Inc., 511 F. Supp.2d 188,193 (D. D.C. 2007) (citations omitted). In this case, the court's denial of plaintiff's motion for summary judgment as to documents that do not fall within exemption 7(A) constitutes clear error, as defendant presented no evidence on this point save for Nelson Hermilla's self-serving conjecture that they might be exempt.

Moreover, there is no provision in the federal rules permitting a party opposing summary judgment to present only a portion of its evidence, and then later supplement it after the court determines that that evidence was insufficient. One purpose of summary judgment is to determine whether the parties can present sufficient evidence to support their position. E.P. Hinkel & Co. v. Manhattan Co., 506 F.2d 201, 205 (D.C.

5

Cir. 1974). Thus, if a party opposing a motion for summary judgment has credible evidence for its position, it must "make the existence of the evidence known," and cannot defeat the motion for summary judgment with "the vague hope that something might turn up at trial." Id. Permitting a party opposing summary judgment to hold back evidence until trial would "render[] useless the very valuable remedy of summary judgment." Engl v. Aetna Life Ins., 139 F.2d 469, 473 (2d Cir. 1943) (Clark, J.). Accordingly, the court committed clear error when it permitted the defendant to conduct another review of the documents at issue and provide a new affidavit better explaining its basis for withholding them.

Here, the Court has denied both sides' motions for summary judgment as to the Non-7(A) Documents. Normally, the denial of such cross-motions would lead a court to set the case down for trial. This Court has instead essentially granted defendants a second opportunity to oppose plaintiff's motion for summary judgment as to the Non-7(A) Documents. This procedure is foreign to both the procedures and spirit of Rule 56.[2]

III.   CONCLUSION

Accordingly, this Court should grant Plaintiff's Motion to Reconsider its January 30, 2008 decision. Upon reconsideration, it should grant Plaintiff's Motion for Summary

---

[2]   Defendant's opposition to plaintiff's motion for summary judgment did not invoke Rule 56(f), the only part of Rule 56 that permits courts to order "a continuance to permit affidavits to be obtained." Nor was there any reason suggested in defendant's opposition why it could not obtain the information necessary to oppose plaintiff's motion for summary judgment.

Judgment and order DOJ to produce to CIR any documents not exempt from disclosure under 5 U.S.C. § 552(b)(7)(A).

                                              Respectfully submitted,

                                              /s/ Michael E. Rosman
                                              Michael E. Rosman
                                              D.C. Bar No. 454002
                                              Michelle A. Scott
                                              D.C. Bar No. 489097
                                              CENTER FOR INDIVIDUAL RIGHTS
                                              1233 20th St. NW, Suite 300
                                              Washington, DC 20036
                                              (202) 833-8400

                                              Attorneys for Plaintiff,
                                              Center For Individual Rights

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| CENTER FOR INDIVIDUAL RIGHTS )<br>    1233 20th Street, N.W. )<br>    Suite 300 )<br>    Washington, D.C. 20036 )<br>    )<br>    Plaintiffs, )<br>    )<br>v. )<br>    )<br>UNITED STATES DEPARTMENT )<br>    OF JUSTICE )<br>    950 Pennsylvania Avenue, N.W. )<br>    Washington, D.C. 20530-0001 )<br>    )<br>    Defendant. )<br>    ) | Civ. No.: 1:07-cv-01125 |

_____ )

PROPOSED ORDER GRANTING SUMMARY JUDGMENT

IN FAVOR OF PLAINTIFF CENTER FOR INDIVIDUAL RIGHTS

WHEREAS plaintiff has moved for reconsideration of this Court's decision denying its motion for summary judgment as to certain documents, and the Court is now satisfied that there was no genuine issue of material fact over whether Plaintiff Center For Individual Rights ("CIR") was entitled to some of the agency records it requested from Defendant Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"),

IT IS HEREBY ORDERED that (1) plaintiff's motion for reconsideration is granted; (2) summary judgment is entered in favor of CIR and against DOJ as to those documents not covered by Exemption 7(A); and (3) DOJ shall produce to CIR within

thirty days any documents not exempt from disclosure under 5 U.S.C. § 552(b)(7)(A) constituting or reflecting communications to any representative or attorney for Boys Home and/or attorneys for plaintiff in the Boys Home Litigation concerning either <u>United States v. District of Columbia, et al.</u>, D.D.C. Civ. No. 04-00619(JR) or <u>Father Flanagan's Boys Home v. District of Columbia, et al.</u>, D.D.C. Civ. No. 01-1732 (JR).

Dated:_____    _____
                                               The Honorable James Robertson
                                               United States District Judge