UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR INDIVIDUAL RIGHTS,  :
:
    Plaintiff,  :
:
  v.  :  Civil Action No. 07-1125 (JR)
:
U.S. DEPARTMENT OF JUSTICE,  :
:
    Defendant.  :

### MEMORANDUM ORDER

For the reasons explained below, plaintiff's motion for reconsideration [Dkt. 19] of my order and memorandum of January 30, 2008 will be **denied**.

### Background

On July 6, 2006, the Freedom of Information/Privacy Act ("FOI/PA") Branch of the DOJ's Civil Rights Division received a FOIA request from plaintiff Center for Individual Rights seeking documents related to two Fair Housing Act cases then pending before me, United States v. District of Columbia, Civ. No. 04-00619, and Father Flanagan's Boys Home v. District of Colombia, Civ. No. 01-1732. As relevant here, plaintiff sought all documents "constituting or reflecting communications" between lawyers for the Department of Justice and Father Flanagan's Boys Home. [Dkt. 13, Ex. 2].

DOJ refused at first to turn over any of these documents, asserting that they were properly withheld under FOIA

Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), because their release could reasonably be expected to interfere with an ongoing law enforcement proceeding, specifically, United States v. District of Columbia.  Hermilla Decl. at ¶¶ 4-6. [Dkt. 12].  Later, after plaintiff filed its complaint in this case, DOJ sent a supplemental response to CIR, releasing documents that it concluded would no longer pose Exemption 7(A) problems.  DOJ continued to withhold a number of other documents, however, and both parties moved for summary judgment.

In support of its motion for summary judgment, DOJ submitted the declaration of Nelson Hermilla, Chief of the FOI/PA Branch.  [Dkt. 12].  The Hermilla declaration explained that, "[a]lthough the Civil Rights Division, at the present time, is withholding these documents pursuant to Exemption 7(A)," some of the records withheld would not interfere with the United States v. District of Columbia or any other law enforcement efforts: "There are records that pertain to matters within the Civil Rights Division that would not interfere with current, ongoing law enforcement proceedings but that nonetheless pertain to sensitive internal deliberations, express candid opinions and contain attorney work product."  Hermilla Decl. at ¶¶ 18-19.  Hermilla explained that such documents, "if individually processed, would also be exempt in whole or in part under other provisions of the FOIA, including 5 U.S.C. § 552(b)(5) and 5

- 2 -

U.S.C. § (b)(7)(C)." Id. at ¶ 18 (emphasis added).  My January 30 memorandum concluded that the Hermilla declaration supported DOJ's invocation of Exemption 7(A) for the documents to which it applied, but that DOJ had not proven its entitlement to withhold non-7(A) documents given Hermilla's conjecture that, if individually examined, these documents <u>might</u> be covered by another exemption.  Accordingly, I granted partial summary judgment to DOJ only as to documents covered by Exemption 7(A) and ordered it to either 1) submit additional information regarding its assertion of FOIA Exemptions 5 and 7(C) or 2) release to the plaintiff all documents not properly withheld pursuant to Exemption 7(A).  [Dkt. 20].  In the same order, I denied plaintiff's motion for summary judgment.

## **Analysis**

Now before the Court is plaintiff's motion for reconsideration, which argues that "the court's denial of plaintiff's motion for summary judgment as to documents that do not fall within exemption 7(A) constitutes clear error, as defendant presented no evidence on this point save for Nelson Hermilla's self-serving conjecture that they might be exempt." [Dkt. 19 at 5].  Plaintiff also argues that the government should not have been allowed "to present only a portion of its evidence, and then later supplement it after the court determine[d] that that evidence was insufficient."  Id.  The plaintiff is wrong.

- 3 -

DOJ's failure to establish that non-7(A) documents were properly withheld does not mean that plaintiff affirmatively showed that they must be released.  Moreover, in FOIA cases, it is routine for the government to be granted summary judgment as to some documents while also being ordered to give a more detailed or complete declaration explaining other withholdings.  <u>See, e.g.</u>, <u>Ctr. For Int'l Envtl. Law v. Office of the U.S. Trade Representative</u>, 505 F. Supp. 2d 150, 169 (D.D.C. 2007); <u>Elec. Privacy Info. Ctr. v. DOJ</u>, 511 F. Supp. 2d 56, 74 (D.D.C. 2007).

In any event, on March 21, 2008, the DOJ released another 485 pages to the plaintiff, and has submitted a supplemental declaration by Nelson Hermilla explaining that the DOJ has now released all documents that were not properly withheld pursuant to Exemption 7(A).  <u>Supp. Hermilla Decl.</u> at ¶ 4.  [Dkt. 23].  Eight of these newly released pages contain redactions of personal information such as names, home addresses and telephone numbers.  According to the supplemental declaration, these redactions were made pursuant to 5 U.S.C. § 552(b)(7)(C) in order to prevent any unwarranted invasions of personal privacy.  <u>Id.</u> at 6.  In practical terms, the government's latest release appears to end this dispute.


                                        JAMES ROBERTSON
                                    United States District Judge